Chief Judge Fuld
(dissenting). I subscribe, of course, to the test employed by the majority in ascertaining whether material is obscene under section 1141 of the Penal Law (opinion, *108 p. 105) — articulated, as it was, in People v. Richmond County News (9 N Y 2d 578, 587) —but I cannot agree with its conclusion that, under that test, the publication before us is obscene.
If I were to judge the magazine on the basis of its social value, of its moral and aesthetic worth, I would condemn it for its vulgarity and its tawdriness. However, I am concerned not with its artistic merit but, rather, with its constitutional status and, as I wrote in the Richmond County News case (9 N Y 2d 578, 588, supra), “ Basic principles of jurisprudence * * * command us to put to one side all personal predelictions ” and to appraise the challenged writings or pictures “ as objectively as is possible in the light of First Amendment concepts ’ ’. It is my belief that the majority has mistakenly equated “ offensiveness ” with ‘ ‘ prurient appeal ” (United States v. Klaw, 350 F. 2d 155, 167) and “ hard core pornography ”. (People v. Richmond County News, 9 N Y 2d, at p. 586.)
The overdrawn descriptions contained in the majority opinion make the pictures of the male models in this magazine seem to be something other than merely “ suggestive But, in point of fact, there is neither indecent exposure nor portrayal of a consummated lewd act; indeed, the photographs are no worse than the magazine pictures of female models which we have previously held not to be pornographic. (See, e.g., People v. Moran, 15 N Y 2d 926; Larkin v. G. I. Distributors, 14 N Y 2d 869; Matter of Metzger v. Couper, 15 N Y 2d 802.) As Mr. Justice Hablakt remarked in Manual Enterprises v. Day (370 U. S. 478) — which involved magazines containing pictures of nude male models, some being posed in pairs — “ the most that can be said of [such magazines] is that they are dismally unpleasant, uncouth, and tawdry. But this is not enough to make them ‘ obscene ’ ” (p. 490, and see p. 489, n. 13; see, also, Redrup v. New York, 386 U. S. 767; One, Inc. v. Olesen, 355 U. S. 371; United States v. One Carton Positive Motion Picture Film, 367 F. 2d 889; United States v. Zuideveld, 316 F. 2d 873, 875-876, cert. den. 376 U. S. 916).
I would but add that, in affirming this conviction, the court is apparently assessing the magazine not with respect to its prurient appeal to the public at large but, rather, “ in terms of the sexual interests of its intended and probable recipient group (Mishkin v. New York, 383 U. S. 502, 509.) This is *109 clearly improper as there is “no evidentiary basis [in the record] from which to ‘ recognize ’ any appeal to the prurient interest of the deviate or the typical recipient ”. (United States v. Klaw, 350 F. 2d 155, 168, supra.) The First Amendment freedoms of speech and press are too important and precious to be surrendered to “ speculations and suspicions about the prurient appeal of material to some * * * undefined person whose psyche is not known.” (United Slates v. Klaw, 350 F. 2d 155, 167, supra.)
In the view which I have taken, I find it unnecessary to consider the other arguments, also of constitutional dimension, which the defendant has advanced.
I would reverse the judgment and dismiss the information.
Judges Van Voorhis, Burke, Scileppi, Bergan and Keating concur with Judge Breitel; Chief Judge Fuld dissents and votes to reverse in a separate opinion.
Judgment affirmed.